IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01489-BNB

RONDAL HEITSCH,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant Rondal Heitsch is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Heitsch has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on August 13, 2008, Magistrate Judge Craig B. Shaffer ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On September 15, 2008, Respondent filed a Preliminary Response, and Mr. Heitsch filed a Reply to the Preliminary Response on September 29, 2008.

The Court must construe liberally the Application and Reply because Mr. Heitsch is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application and Reply are held to standards less stringent than those governing a formal pleading drafted by attorneys. *See id.* However, the Court should not act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Heitsch challenges the calculation of his federal sentence in this action. He contends that the BOP refuses to apply 1052 days of detention credit against the 180 month sentence he is serving. Respondent argues that this action should be dismissed because Mr. Heitsch has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Heitsch. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an

2

appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Heitsch concedes in the Application that he did not exhaust his administrative remedies prior to filing the instant action. Mr. Heitsch, however, argues that the exhaustion requirement should be excused because exhaustion of his administrative remedies would be futile. Mr. Heitsch specifically concludes, in the Application, that exhaustion would be futile because Respondent has determined that he is not entitled to the disputed detention credits and will not revisit that determination. He further asserts that Respondent has refused to respond to his administrative remedy requests.

Mr. Heitsch is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). He, however, fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Heitsch has not demonstrated that his administrative remedy requests were ignored or that an appeal to the regional director or the general counsel would be futile.

According to the BOP records submitted by Respondent in support of his Preliminary Response, Mr. Heitsch filed two administrative remedy requests. (Preliminary Resp. (Pre. Resp.) at Attachs. 3 and 4.) In the responses to the administrative remedy requests, Mr. Heitsch was told by the warden that he may appeal to the regional director if he was not satisfied with the response. (Pre. Resp. at Attachs. 3 and 4.) In his Reply, Mr. Heitsch argues that he has submitted numerous administrative remedy requests, but Respondent and his agents will not accept the

3

requests he has submitted. (Reply at 2.) Applicant, therefore, concludes that because prison staff will not accept his requests he will never successfully complete the administrative remedy process. He further contends that the BOP has already made a final determination in this matter, and the Sentence Computation Center in Grand Prairie, Texas, has refused to respond to Respondent. (Reply at 2-3.) Mr. Heitsch claims he has suffered irreparable harm because he has lost the opportunity to participate in the substance abuse treatment program under 18 U.S.C. § 3621 and is subject to incarceration beyond his proper sentence. (Reply at 3.)

Mr. Heitsch's claim that he is unable to complete the administrative remedy process is belied by the evidence submitted by Respondent. Respondent answered the two requests for administrative remedy that Mr. Heitsch submitted to the warden regarding his detention credits. (Pre. Resp. at Attachs. 2, 3, and 4.) Respondent included in the answer on both occasions that Mr. Heitsch was able to appeal the denial of his request to the regional director. (Pre. Resp. at Attachs. 3 and 4.) Mr. Heitsch provides no evidence that he has attempted to appeal the warden's denial. He only asserts conclusory statements that he has filed numerous requests that are not accepted by prison staff.

Mr. Heitsch's irreparable harm claims lack merit. He fails to assert how his denial of detention credits is related to his participation in a drug substance abuse program under 18 U.S.C. § 3621(b). Furthermore, Mr. Heitsch was convicted and sentenced in October 2004 to a 180-month sentence. Respondent asserts that Mr. Heitsch has a projected release date of October 10, 2018, via good conduct time release. (Pre. Resp. at 1-2.) Even if Mr. Heitsch were given credit for the 1052 days, to

4

which he claims he is entitled, he would not be eligible for release until 2015. Mr. Heitsch fails to assert irreparable harm in his continued incarceration and his current inability to participate in a substance abuse treatment program.

Respondent also states in the Preliminary Response that the BOP is seeking a disposition from the sentencing court regarding Mr. Heitsch's retroactive designation under 18 U.S.C. § 3621(b). (Pre. Resp. at 6.) Once a decision is made by the sentencing court, the BOP will decide whether to designate time served at another state facility as service of Mr. Heitsch's federal sentence. (Pre. Resp. at 6.)

For the above stated reasons, the Court finds that Mr. Heitsch fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. Heitsch may not exhaust "administrative remedies by, in essence, failing to employ them." **See Jernigan v. Stuchell**, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 8 day of Oct. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01489-BNB

Rondal Heitsch
Reg. No. 08712-059
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk